**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOMAS CLIFTON DEASE,<br><br>               Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>               Defendant. | CASE NO. EDCV 17-1932 SS<br><br>**MEMORANDUM DECISION AND ORDER** |

**I.**

**INTRODUCTION**

Plaintiff ("Plaintiff") brings this action seeking to reverse or, in the alternative, to remand the decision of the Commissioner of the Social Security Administration (the "Commissioner" or the "Agency") denying his application for social security benefits. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. (Dkt. Nos. 12-14). For the reasons stated below, the decision of

the Agency is REVERSED and REMANDED for further administrative proceedings.

## III.

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents her from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step-two.

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. § 416.910.

2

(2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step-three.

(3) Does the claimant's impairment meet or equal the requirements of any impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step-four.

(4) Is the claimant capable of performing his past work? If so, the claimant is found not disabled. If not, proceed to step-five.

(5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citation omitted); 20 C.F.R. § 416.920(b)-(g)(1).

The claimant has the burden of proof at steps-one through four and the Commissioner has the burden of proof at step-five. Bustamante, 262 F.3d at 953-54. If, at step-four, the claimant meets her burden of establishing an inability to perform the past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional

capacity ("RFC"),[2] age, education, and work experience. Tackett, 180 F.3d at 1100; 20 C.F.R. § 416.920(g)(1). The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids"). Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

**V.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. "[The] court may set aside the Commissioner's denial of benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1097); see also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

---

[2] Residual functional capacity is "the most [one] can still do despite [her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. § 416.945(a).

4

| | |
|---|---|
| 1 | "Substantial evidence is more than a scintilla, but less than |
| 2 | a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. |
| 3 | Chater, 112 F.3d 1064, 1066 (9th Cir. 1997)). It is "relevant |
| 4 | evidence which a reasonable person might accept as adequate to |
| 5 | support a conclusion." (Id.). To determine whether substantial |
| 6 | evidence supports a finding, the court must "'consider the record |
| 7 | as a whole, weighing both evidence that supports and evidence that |
| 8 | detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d |
| 9 | at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. |
| 10 | 1993)). If the evidence can reasonably support either affirming |
| 11 | or reversing that conclusion, the court may not substitute its |
| 12 | judgment for that of the Commissioner. Reddick, 157 F.3d at 720- |
| 13 | 21 (citing Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, |
| 14 | 1457 (9th Cir. 1995)). |

**VI.**

**DISCUSSION**

**A.  Introduction**

The ALJ found that Plaintiff's mental impairment was nonsevere, at step-two of the five-step evaluation. Plaintiff asserts that this finding was error. This Court agrees.

B.   **The Step-Two Evaluation**

By its own terms, the evaluation at step-two is a de minimis test intended to weed out the most minor of impairments. See Bowen v. Yuckert, 482 U.S. 137, 153-154 (1987); Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2005) (stating that the step-two inquiry is a de minimis screening device to dispose of groundless claims) (quoting Smolen, 80 F.3d at 1290); Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (step-two is a "de minimis threshold"). An impairment is not severe only if the evidence establishes a slight abnormality that has only a minimal effect on an individual's ability to work. Smolen, 80 F.3d at 1290 (internal quotations and citations omitted) (emphasis added).

At step-two of the evaluation, the ALJ is bound by 20 C.F.R. §404.1520a. That regulation requires the ALJ to follow a special psychiatric review technique. The ALJ must determine whether the claimant has a medically determinable mental impairment, rate the degree of functional limitation for four functional areas, determine the severity of the mental impairment and then, if severe, proceed to step-three of the five-step evaluation. Keyser v. Commissioner Social Sec. Admin., 648 F.3d 721 (9th Cir. 2011).

The evidence regarding Plaintiff's mental impairmemt was sufficient to meet a de minimis standard. Plaintiff testified that after he lost his home to foreclosure, he had an emotional breakdown. (AR 39-40). He described feeling deeply depressed and

being socially isolated. (AR 40-42). Plaintiff testified that he sees his treating doctor for psychological counseling once a month. (AR 46). He also receives prescription medication for his mental health issues. (AR 46-47).

The medical records support Plaintiff's testimony. On February 3, 2015, Plaintiff visited Dr. Daniel Fitzgerald, complaining of memory issues, poor concentration, lack of energy, anhedonia, spontaneous crying and poor sleep. (AR 372). Dr. Fitzgerald diagnosed a major depressive episode, recurrent, moderate. (AR 372). He prescribed Cymbalta to Plaintiff. Plaintiff continued to see Dr. Fitzgerald for treatment for his mental health conditions in 2015. Plaintiff also received counseling from Dr. Watson during this time. Dr. Watson observed that Plaintiff's prognosis was poor. (AR 374). Plaintiff continued to see Dr. Watson through 2017. (AR 413-422). Dr. Watson completed a Mental Residual Functional Capacity Assessment and found Plaintiff had moderate to marked to extreme limitations in various functions.

Plaintiff also was treated at the Island Psychiatric Group. (AR 387-398). He was assessed with a major depressive disorder and a GAF of 45. (AR 398).

The testimony and medical evidence establishes a mental impairment that has more than a minimal impact on the ability to work.  Given the quantity and quality of evidence, it was error to consider Plaintiff's mental impairment as a "groundless claim."  As such, remand is required.

**VII.**

**CONCLUSION**

Accordingly, IT IS ORDERED that Judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision.  IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED:  July 13, 2018

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS OR ANY OTHER LEGAL DATABASE.**